NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**ULTRATEC, INC., CAPTEL, INC.,**
*Plaintiffs-Appellants*

**v.**

**SORENSON COMMUNICATIONS, INC.,
CAPTIONCALL, LLC,**
*Defendants-Cross-Appellants*

———————————

2017-1161, 2017-1225

———————————

Appeals from the United States District Court for the Western District of Wisconsin in No. 3:14-cv-00066-jdp, Judge James D. Peterson.

———————————

Decided: May 18, 2018

———————————

KRISTIN GRAHAM NOEL, Quarles & Brady, LLP, Madison, WI, argued for plaintiffs-appellants. Also represented by MATTHEW J. DUCHEMIN, MARTHA JAHN SNYDER, ANTHONY ALLEN TOMASELLI.

PRATIK A. SHAH, Akin, Gump, Strauss, Hauer & Feld, LLP, Washington, DC, argued for defendants-cross-appellants. Also represented by ZE-WEN JULIUS CHEN,

RACHEL J. ELSBY; MICHAEL P. KAHN, CAITLIN ELIZABETH OLWELL, New York, NY.

———————————

Before PROST, *Chief Judge,* DYK and O'MALLEY, *Circuit Judges.*

PROST, *Chief Judge.*

Plaintiffs Ultratec, Inc. and CapTel, Inc. (collectively, "Ultratec") appeal from the United States District Court for the Western District of Wisconsin's judgment as a matter of law after a jury verdict that claims of U.S. Patent No. 7,660,398 ("'398 patent") are invalid as obvious. Ultratec also appeals the district court's conclusion that defendants Sorenson Communications, Inc. and CaptionCall, LLC (collectively, "Sorenson") are entitled to judgment as a matter of law that their infringement, if any, was not willful. Sorenson cross-appeals the district court's denial of its motion for judgment as matter of law or for a new trial on damages.

We reverse the court's judgment as a matter of law as to invalidity and reinstate the jury's verdict that the claims were not invalid for obviousness. We affirm the district court's judgment as a matter of law that Sorenson's infringement was not willful. The district court's denial of Sorenson's motion for judgment as matter of law or for a new trial on damages is affirmed.

BACKGROUND

Ultratec creates technologies to help deaf and hard-of-hearing people use the public telephone system. This case involves Ultratec's Patent No. 7,660,398 for "Captioned Telephone Service," which is directed to assisting individuals with hearing impairment communicate over a telephone network. Ultratec asserts claims 11, 12, and 13 of the '398 patent, which claim a method of operating a captioned telephone call using specific configurations of

components. *See Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, No. 14-CV-66-JDP, 2015 WL 5330284, at *1 (W.D. Wis. Sept. 11, 2015) ("*District Court Opinion I*").

In general, telephone relay service (TRS) systems "involve connecting a hearing-impaired user to a 'relay,' typically a call center at which a call assistant can transcribe speech into text so that the assisted user can read the words of the other caller." *Id.* "Early forms of TRS involved a one-line connection from the assisted user to the relay, and from the relay through another connection to the remote user." *Id.* These early forms were cumbersome and slow because they made the users wait for the call assistant to translate between text and speech. *Id.* "Over time, more sophisticated and efficient systems made TRS more functionally equivalent to voice telephone communication." *Id.*

The form of TRS at issue in this case is the captioned telephone. *Id.* This telephone allows the assisted user and the remote user to communicate as they would on a traditional voice telephone, but the assisted user's device displays text captions of the remote user's words. *Id.* Thus, the hard-of-hearing user can pick up any missed words from the text captions. *Id.*

Claim 11, from which claims 12 and 13 depend, is exemplary:

> 11. A method of operating a captioned telephone call in which an assisted user is connected by a captioned telephone device which is connected both to one telephone line to a remote user and a second telephone line to a relay providing captioning for a conversation, the method comprising the steps of
>
> during a telephone conversation, the captioned telephone device receiving captioning for spoken words of the remote user from the relay

and displaying the words in a visual display for the assisted user; and

during the telephone conversation, *the captioned telephone device using echo cancellation to cancel the voice of the assisted user from the second telephone line so that the relay does not hear the voice of the assisted user*, so the relay can caption all the words on the second telephone line without causing confusion to the assisted user.

'398 patent col. 11 l. 12–col. 12 l. 8 (emphasis added).

Before the district court, Ultratec contended that Sorenson infringes the '398 patent by providing captioned telephone services using their captioned telephone devices. Relevant here, Sorenson contended that the '398 patent is invalid for obviousness.

After the validity phase of an eight-day trial, the jury returned a general verdict rejecting the obviousness defense as to each asserted claim. The jury determined that Sorensen had not proven by clear and convincing evidence that the claims were invalid as obvious. J.A. 14350–51.

Prior to starting the damages phase of trial, the district court determined that Sorenson was entitled to judgment as a matter of law on the issue of willful infringement. The court "conclude[d], as a matter of law, that plaintiffs cannot meet the objective prong of the *Seagate* willfulness test, and thus defendants are entitled to judgment as a matter of law that their infringement, if any, was not willful." J.A. 138. Accordingly, the court did not present the subjective prong of the willfulness inquiry to the jury. *Id.*

Following the damages phase, the jury awarded a total running royalty payment of approximately $5,443,485. J.A. 14403.

Sorenson filed renewed motions for judgment as a matter of law with regard to obviousness and damages.

The district court granted Sorenson's motion for judgment as a matter of law that claims 11, 12, and 13 are invalid as obvious. *Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, No. 14-CV-66-JDP, 2016 WL 8674696, at *6 (W.D. Wis. Sept. 30, 2016) ("*District Court Opinion II*"). The district court upheld the damages verdict, denying Sorenson's motion for judgment as matter of law or for a new trial on damages. *Id.* at *7.

Ultratec's appeal and Sorenson's cross-appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

DISCUSSION

I

Under Seventh Circuit law, we review a district court's grant of judgment as a matter of law after a jury verdict de novo and we can overturn a jury's decision only if no rational jury could have come to the same conclusion. *E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 834–35 (7th Cir. 2013).

Obviousness is a question of law based on underlying factual findings. *Kinetic Concepts, Inc. v. Smith & Nephew, Inc.*, 688 F.3d 1342, 1360 (Fed. Cir. 2012). In reviewing a jury's obviousness verdict, "[w]e first presume that the jury resolved the underlying factual disputes in favor of the verdict winner and leave those presumed findings undisturbed if they are supported by substantial evidence." *Circuit Check Inc. v. QXQ Inc.*, 795 F.3d 1331, 1334 (Fed. Cir. 2015) (quoting *Jurgens v. McKasy*, 927 F.2d 1552, 1557 (Fed. Cir. 1991)). We must conduct this inquiry in light of Sorenson's burden to overcome the presumption of validity by clear and convincing evidence. *L & W, Inc. v. Shertech, Inc.*, 471 F.3d 1311, 1320 (Fed. Cir. 2006). Second, "we examine the legal conclusion de

novo to see whether it is correct in light of the presumed jury fact findings." *Circuit Check,* 795 F.3d at 1334.

Whether there is a reason to combine prior art references is a question of fact. *Kinetic* Concepts, 688 F.3d at 1367. Further, the defendant bears the burden of demonstrating a reason to combine by clear and convincing evidence. *See id.* at 1360 ("At all times, the burden is on the defendant to establish by clear and convincing evidence that the patent is obvious."). Thus, by finding the claims nonobvious, the jury presumably found that Sorenson failed to demonstrate by clear and convincing evidence that a person of ordinary skill in the art would have been motivated to combine the teachings of the prior art references to achieve the claimed invention. *See Circuit Check,* 795 F.3d at 1335. Ultratec argues we must leave this presumed finding undisturbed because it is supported by substantial evidence. We agree.

As the district court determined, "[a]t its heart, claim 11 of the '398 patent claims a two-line captioned telephone that uses echo cancellation to prevent the voice of the assisted user from reaching the call assistant." *District Court Opinion II* at *3. On appeal, the parties focus their arguments on two prior art references: U.S. Patent Application No. US 2002/0085685 ("'685 publication") and the CapTel Trials[1]. The parties do not dispute that the '685 publication discloses the two-line arrangement or that the CapTel Trials disclose a one-line arrangement that uses echo cancellation on the voice of the assisted

---

[1]      In the alternative, Ultratec appeals the district court's ruling as a matter of law that the CapTel Trials are prior art under § 102(b). Because we reinstate the jury's verdict that the '398 patent is not obvious even if the CapTel Trials are prior art, we need not reach this issue.

user.  Nor do the parties take issue with the district court's summary of the differences between the prior art and claim 11.  First, "claim 11 combines the two-line arrangement with the use of echo cancellation." *Id.*  And second, "in claim 11, the echo cancellation mechanism is part of the phone, whereas in the CapTel [T]rials, echo cancellation was performed at the relay." *Id.*  In other words, the combination of the CapTel Trials with the '685 publication would require moving the echo canceller from the relay (in a one-line system) to the captioned telephone (in a two-line system) in order to arrive at the claimed invention.

Substantial evidence supports the jury's presumed finding that Sorenson failed to demonstrate by clear and convincing evidence that a person of ordinary skill in the art would have been motivated to use an echo canceller, which had been used in one-line captioned telephone systems, to prevent the voice of the assisted user from reaching the call assistant in a two-line arrangement.  For example, the jury heard evidence that, contrary to the "well controlled" environment of the one-line CapTel— where echo cancellation was performed by the Ultratec-controlled and designed relay—the two-line environment has a great deal more variability.  J.A. 22668–70.  Ultratec offered evidence that, even after working for years on echo cancellation in the one-line arrangement, due to this variability, its engineers did not initially consider using echo cancellation in the two-line device, and instead considered alternative methods to cancel the voice of the assisted user.  J.A. 22670 ("So when we were designing, too, and we were worried about this issue of the uncontrolled environment, so more variability. . . . [W]e talked about, well, if we're having some problem with the echo canceller in one-line, are there other ways we could do it [remove the assisted user's voice] in two-line.  And we talked about, actually, taking the audio off the earpiece and sending that to the CA.")

Additionally, apart from cancelling the assisted user's voice, there is no other reason to use echo cancelation in a two-line system. J.A. 14897–99. This is in contrast to one-line systems, which can require echo cancelation for the additional reason of removing objectionable audio. J.A. 22666–67.

Sorenson failed to present such clear and convincing evidence of a motivation to combine that no reasonable juror could find otherwise. "Where, as here, there is a verdict of validity, the question is whether the challenger's evidence so met the burden of establishing invalidity by clear and convincing evidence that reasonable jurors could not have concluded that the challenger failed to overcome that burden." *L & W*, 471 F.3d at 1320 (quoting *Perkin–Elmer Corp. v. Computervision Corp.*, 732 F.2d 888, 893 (Fed. Cir. 1984)) (alterations omitted).

Sorenson's expert, Dr. Shenoi, testified that the combination of a two-line captioned telephone with the use of echo cancellation "would arise naturally from the transition from one-line captioned telephones to two-line captioned systems." J.A. 15591. This conclusory statement, however, is contradicted by Ultratec's evidence, discussed above, that two-line systems did not otherwise require an echo canceller and that due to the uncontrolled and variable nature of a two-line environment, Ultratec's engineers did not initially consider using echo cancellation in the two-line device. It was also reasonable for the jury to reject this and other statements from Dr. Shenoi because he lacked familiarity with the relevant field. For example, he admitted that he had no experience with telecommunications systems for the deaf and hard-of-hearing. J.A. 14447–48.

In sum, we conclude that substantial evidence supports the jury's presumed finding that Sorenson failed to prove by clear and convincing evidence that a person of ordinary skill in the art would have been motivated to

combine prior art references to achieve the claimed invention.  Thus, we must leave this finding undisturbed. *Circuit Check*, 795 F.3d at 1334.  On this record, Sorenson has not proven by clear and convincing evidence that the asserted claims are obvious.  The district court erred by failing to defer to the jury's factual findings and granting judgment as a matter of law on obviousness.  We reverse the court's judgment as a matter of law as to invalidity and reinstate the jury's verdict that the claims were not invalid for obviousness.

## II

During trial, Sorenson moved for judgment of no willful infringement as a matter of law under the two-part *Seagate* test.  The district court granted Sorenson's motion based on *Seagate*'s objective prong, which required a patentee to "show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent."  *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007), *abrogated by Halo*, 136 S. Ct. 1923.

After the district court granted judgment of no willful infringement but while post-trial motions were still pending, the Supreme Court decided *Halo Electronics, Inc. v. Pulse Electronics., Inc.*, which overturned the two-part *Seagate* test and specifically rejected *Seagate*'s requirement of "a finding of objective recklessness in every case."  136 S. Ct. 1923, 1932 (2016).

Ultratec now asks this court to vacate the district court's judgment of no willful infringement and to remand in light of *Halo*.  Sorenson counters that Ultratec waived its right to appeal this issue by failing to raise it in the district court.  We agree that the issue was waived.

In *Rentrop v. Spectranetics Corp.*, we held that "when there is a relevant change in the law before entry of final judgment, a party generally must notify the district court;

if the party fails to do so, it waives arguments on appeal that are based on that change in the law." 550 F.3d 1112, 1117 (Fed. Cir. 2008). Other circuits have similarly held that an argument based on a change in law is waived if not raised in a timely manner. *See Beazer East, Inc. v. Mead Corp.*, 525 F.3d 255, 264 (3d Cir. 2008); *United States v. Cheal*, 389 F.3d 35, 45 n.10 (1st Cir. 2004).

Here, Ultratec failed to notify the district court about the change in willfulness law stemming from *Halo* despite the fact that *Halo* issued over three months before the district court resolved the parties' post-trial motions and entered final judgment. Accordingly, we find that the issue was waived and affirm the district court's judgment as a matter of law that Sorenson's infringement was not willful.

## III

Sorenson cross-appeals the district court's denial of its motion for judgment as matter of law or for a new trial on damages. Sorenson maintains that the jury's $5,443,484.61 damages award was unsupported by the evidence.

"We review the jury's determination of the amount of damages, an issue of fact, for substantial evidence." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1310 (Fed. Cir. 2009). "A jury's decision with respect to an award of damages 'must be upheld unless the amount is grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork.'" *Id.* (quoting *State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, 346 F.3d 1057, 1072 (Fed. Cir. 2003)).

"The jury came to its per-minute running royalty amount by first finding the royalty rate (three cents), then finding the total number of infringing minutes (181,449,487 minutes), and finally, by multiplying those two numbers." *District Court Opinion II* at *6. Before the

district court, Sorenson contested the jury's finding of the total number of infringing minutes. *Id.* "The parties agree that not all of the 206,192,599 minutes of service that defendants have provided since 2011 infringe the '398 patent because[,] on some number of those calls, the voice of the assisted user was audible to the relay." *Id.* Thus, "[t]he extent of infringement was somewhere between one minute and 206,192,598 minutes of calls." *Id.* Sorenson contended that the jury did not hear reliable evidence concerning the number of infringing minutes. *Id.* We agree with the district court in rejecting Sorenson's argument that that the jury award was completely unsupported or based on mere speculation. *Id.* at *7.

Substantial evidence supports the jury's finding that the majority of Sorenson's calls infringed. A call was infringing "so long as a call assistant with normal hearing would not hear the words spoken by the assisted user while captioning a call."[2] J.A. 321 (quoting jury instruction). First, the jury heard evidence that Sorenson designed and built its phones to have no audible words from the assisted user at the relay and, thus, to practice the infringing methods. The jury also heard evidence that Sorenson repeatedly represented to potential customers that its service completely cancels the voice of the assisted user. It is only when the echo cancellation malfunctions that words from the assisted user are audible.

In addition to this circumstantial evidence, Ultratec's witness presented direct evidence that the vast majority of Sorenson's captioned telephone calls he analyzed infringed the asserted claims. Ultratec's witness analyzed a random sample of sixty captioned telephone calls

---

[2]    Sorenson stipulated to infringement of at least one captioned telephone call. J.A. 16643.

recorded during his inspection of two Sorenson call centers. The witness provided an opinion on the scope of infringement. He summarized his review of the site inspection recording as follows:

> **Q.** And so having looked at around 60 calls on the site inspection videos, what is the total number of calls that you remember being in the category of infringing and noninfringing?
>
> **A.** About seven.
>
> **Q.** Seven were what?
>
> **A.** Seven were noninfringing.

J.A. 23122. On cross-examination, Ultratec's witness later stated that he was unable to testify with certainty as to whether nine of these sixty calls infringed. These nine calls involved automated messages and lacked the context of a two-speaker call he needed to conclusively swear that the calls infringed. He did, however, testify as to how they may have infringed. The jury could reasonably infer from this testimony, and the other evidence of record, that a significant majority of the calls infringed. We also note that Sorenson did not offer any rebuttal evidence on the number of infringing minutes.

We have fully considered Sorenson's remaining arguments and find them to be unpersuasive. Accordingly, because we conclude that substantial evidence supports the jury's finding, we affirm the district court's denial of Sorenson's motion for judgment as matter of law or for a new trial on damages.

### CONCLUSION

In sum, because the jury's presumed findings are supported by substantial evidence, we reverse the court's judgment as a matter of law as to invalidity and reinstate the jury's verdict that the claims were not invalid for obviousness. We affirm the district court's judgment as a

matter of law that Sorenson's infringement was not willful. Finally, we affirm the district court's denial of Sorenson's motion for judgment as matter of law or for a new trial on damages.

**AFFIRMED-IN-PART AND REVERSED-IN-PART**

COSTS

The parties shall bear their own costs.